# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>GARY LEE,<br><br>       Defendant. | 2:07-CR-0050-KJD-PAL<br><br><br><br>**ORDER** |

This matter is before the Court on the Government's Appeal From Magistrate Judge's Order (#21) permitting Defendant to travel to Mexico. The Defendant filed a Response (#25).

The Order of Magistrate Judge (#22) is a minute order without formal findings. The Defendant was previously released on $100,000 bond by a magistrate judge of the Central District of California after being informed by Defendant that he did not have any passports. A magistrate judge in the District of Nevada continued that release, and also ordered Defendant to surrender any passports.

In response to the Government's Appeal from the order of the Magistrate Judge granting Defendant permission to travel to Mexico, this Court held a hearing on January 30, 2008.

## PROCEDURAL HISTORY

Defendant is charged with conspiracy, a violation of Title 18 United States Code §371, conspiracy to commit money laundering, a violation of 18 U.S.C. §1956(h), and use of unauthorized access devices, in violation of Title 18 U.S.C. §1029(a)(2). He was indicted on March 14, 2007, following an investigation by the Las Vegas Metropolitan Police Department. He

was subsequently arrested on warrant in Mexico and made his initial appearance in the Central District of California on July 17, 2007, where he was ordered released on posting of a $100,000 bond. On August 17, Defendant made his initial appearance in the District of Nevada where he was continued on $100,000 bond and ordered to surrender his U.S. passport. On December 17, 2007, Defendant moved for permission to travel to Mexico (#17). The basis for the request was the need for Defendant to be present in Mexico from February 1, 2008 to February 13, 2008, to finish a condo project he had started in Puerto Vallarta. The magistrate judge approved the request and this appeal and request for stay followed.

## ANALYSIS

The standard for reopening a detention hearing is whether there is new information not known at the time of the original hearing that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required. See 18 U.S.C. §3142(f)(2)(B).

Defendant argues that the decision of the magistrate judge in this matter can only be reversed if shown to be clearly erroneous or contrary to law. While that may be a correct statement of the local rule and the applicable statute, there are a number of cases holding that the standard of review for the district court is not the same as that of an appellate court. See, United States v. Koenig, 912 F2d. 1190 (9th Cir. 1990), United States v. Frans, 697 F2d. 188 (7th Cir. 1983). The district court may, by receiving additional evidence or conducting full review, satisfy itself that the recommended actions are fair and proper. Id. The fact that the magistrate judge in this case did not issue formal findings or provide sufficient insight into the reasons for his decision prompted a hearing and de novo review of the evidence by this court.

The Government, in support of its reasoning that Defendant is a danger of flight recites the criminal history of the Defendant and that he previously left the United States and disposed of all U.S. assets. The Government argues that the nature of the crime and Defendant's past history

portend that he is willing to use false identities and means of identification to accomplish his purposes.

Defendant responds that he did not flee to Mexico, he just happened to be there when he was indicted, that he has thus far successfully abided the terms of his pretrial release and that the Office of Pretrial Services for the District of Nevada does not object to his request for permission to travel. In fact, Pretrial Services did not make any recommendation either for or against this request. Also, Pretrial Services does not consider the weight of evidence or make credibility determinations. It considers those matters to be the sole province of the Court.

In determining whether a defendant may be released from detention and, if so, what conditions should be imposed as conditions to that release, the Court should consider the following factors:

1. The nature and circumstances of the crime charged;
2. The weight of the evidence;
3. The history and characteristics of the defendant;
4. The danger to the community of the defendant's release.

See 18 U.S.C. §3142(g). Additionally, 18 U.S.C. §3142(i) requires that any detention order contain written findings of fact and statements of the reasons for detention.

Defendant has already been released on bond subject to enumerated conditions. There is nothing before the court that would precipitate a change in that basic custodial status. However the request of Defendant for a change in the conditions of release to allow him to travel to another country must be analyzed in light of whether he has presented evidence that was unknown at the time of the prior hearings. Once the determination is made that the hearing should be reopened, the court considers the request employing the same analysis as in the original determination.

On the evidence before this Court, the magistrate judge could have properly concluded that Defendant was not aware, at the time of the original detention hearing in the Central District of

California and the custodial hearing that followed in the District of Nevada, that his physical presence would be required in Mexico.  However, that information, standing alone would not necessarily dictate that the condition of release requiring surrender of his passport be removed.  In imposing that condition initially, the magistrate judges tacitly acknowledged there was a risk of flight if  Defendant possessed a passport.

The hearing before this Court did not present any evidence that there are now factors unknown previously that would change or obviate that risk. To the contrary, the answers given by Defendant to questions from the Court in the hearing of January 30, 2008, present additional concerns as to the motives of Defendant in making the request to travel to Mexico.  Employing the factors of 18 U.S.C. §3142(g), the Court finds that the request should be denied.

**Nature and Circumstances of the Crime**

The indictment alleges Defendant's involvement with a co-conspirator in a ponzi-like scheme whereby investors were defrauded into investing in projects not owned by the conspirators.  A co-conspirator, Kenneth Rick, has pled guilty and was sentenced to 50 months incarceration and ordered to make restitution of nearly $7,000,000.  Thus far, the government has not been able to trace any significant amount of proceeds from the alleged crime.

**Weight of Evidence**

A grand jury has determined the evidence is sufficient to return an indictment against Defendant.  Based upon the admissions of the alleged co-conspirator, Defendant had a significant role in the conspiracy.  The Government asserts that $100,000 in cash has been traced to this Defendant and that additional funds can be traced to entities and properties owned by Defendant.  A reasonable jury could find Defendant violated federal statutes on conspiracy, money laundering and possession of unauthorized access devices.

**History and Characteristics of Defendant**

Defendant's community ties to Las Vegas, Nevada, and even to the United States are weak. He no longer has employment, ownership of a home or known assets in the United States. While he has family in the United States, it would be as easy for them to visit him in Mexico as it would be to visit him in prison. He absented himself from his family for long periods of time while living in Mexico. Two magistrate judges previously considered the surrender of any passports as a condition of pretrial release. Nothing in his circumstances has changed, other than the asserted need to travel to Mexico to finish a condo project.

Defendant has a history of deception. Even though he received pretrial diversion on charges which were later dismissed based on payment of restitution, those charges also involved use of a false name and social security number on loan applications for the purpose of concealing Defendant's prior bankruptcies. Defendant has arguably demonstrated a willingness to accept the risk of a lengthy term of imprisonment as a potential consequence of defrauding others.

The current charges also involve dishonesty. It is alleged that Defendant and his co-conspirator induced investors to loan money for trust deed investments in projects that did not exist. The Government claims that the amount of loss is approximately $45 million. Only a minor part of the proceeds have been located.

Defendant does have connections to Mexico, speaks the Spanish language, and claims familiarity with the contractors and customs of that country. If that is true, he could, with the assistance of his son, communicate with those individuals using a telephone or any other method of communication. On questioning by the Court, Defendant acknowledged that the condo project that he wishes to "finish" is not much more than a cement slab with some framing. It is not in the "middle of construction" as avowed in the affidavit of counsel. There is no evidence that the government will be able to obtain the proceeds of the completed project for purposes of restitution. According to Defendant, he is part owner of this "investment property" and title is held in the name

of a "trust". It appears the project will require substantial additional funds to complete. Defendant has not provided enough detail to establish that the other owners and interested parties cannot complete the project without Defendant's physical presence in Mexico. When considered in light of the small amount of work that has been accomplished on the project, the amount of work that remains, and the absence of detail concerning Defendant's interest in the project, the reasons for travel to Mexico are questionable.

No evidence was introduced by the Defendant which would assist this Court in finding that his community ties are such that he is not a flight risk, let alone that he is not a danger to the community if allowed to travel to Mexico. If proceeds of the alleged crimes are being held in foreign locales, it will arguably be easier for Defendant to access those funds from Mexico and to use them to maintain himself if he decides to run.

**Danger to Community**

It should be obvious from Defendant's criminal history that he is a danger to the community. However, the more specific issue to be addressed is whether any condition or set of conditions for travel to Mexico can adequately protect the public.

It is the finding of this Court that given the history of this Defendant and the circumstances of this case, no measures that could be reasonably fashioned by pretrial services that would adequately protect the public. Numerous opportunities for diversion will present themselves. In Mexico, absent heroic measures such as a pretrial services officer accompanying him, it will be impossible to know what Defendant is doing at any given moment. He has, in the past, committed additional crimes while on release for current crimes. As is usually the case, successful supervision will depend on Defendant's honesty and integrity. However, Defendant's criminal history demonstrates that he is willing to employ false identity and other diversions to pursue his fraudulent schemes and to avoid detection. Even a valiant effort by Pretrial Services cannot ensure that

Defendant will not abscond or violate conditions of pretrial release while in a foreign country. Defendant has shown by his conduct that the threat of imprisonment is not a deterrent to him.

## CONCLUSION

Defendant is charged with crimes involving fraud. He has, in connection with other crimes, employed identity theft and other forms of deception. There is no condition or combination of conditions of release that will reasonably assure that Defendant will not abscond if he is permitted to travel to Mexico. Accordingly, this Court finds that no condition or combination of conditions can reasonably assure the appearance of the Defendant as required, or the safety of the community if his passport is restored.

Accordingly, IT IS HEREBY ORDERED that the Government's Appeal from Magistrate Judge's Order granting Defendant permission to travel (#21) is **GRANTED.** Defendant's Motion for Judicial Permission Allowing International Travel (#17) is **DENIED.**

DATED this 22nd day of February, 2008.

_____
Kent J. Dawson
United States District Judge